1    **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8    Claudia M. Sobarzo, et al.,           )    No.  CV-19-05662-PHX-SPL
                                           )
9                          Plaintiffs,     )
                                           )    **ORDER**
10   vs.                                   )
                                           )
11                                         )
     Wal-Mart Inc., a Delaware corporation,)
12                                         )
                                           )
13                         Defendant.      )
                                           )
14   _____     )

15          Before the Court is Defendant Wal-Mart Incorporated's ("Wal-Mart") Motion to

16   Dismiss (the "Motion"), which is fully briefed. For the reasons that follow, the Motion will

17   be granted without prejudice.

18          **I.      Background**

19          Plaintiffs Claudia Sobarzo ("Sobarzo") and John Keck ("Keck") initiated this action

20   on November 21, 2019. (Doc. 1) Plaintiffs amended their complaint as a matter of right on

21   January 9, 2020. (Doc. 7) The First Amended Complaint ("FAC") is the operative

22   complaint in this case. In the FAC, Plaintiffs brought two causes of action against Wal-

23   Mart: (1) sex discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§

24   2000e, *et seq.* ("Title VII") and (2) retaliation under Title VII. (Doc. 7 at 17–19)

25          In the FAC, Sobarzo, a Hispanic woman, alleges that she was an employee of Wal-

26   Mart for approximately sixteen years, working in different positions until her termination

27   on October 9, 2018. (Doc. 7 at 5, ¶ 11) Sobarzo alleges that on several different occasions,

28   she was singled out by various supervisors and managers through accusations of

misconduct. Specifically, Sobarzo lists incidents she labeled as the "paperwork incident," the "(alleged) stolen shoe incident," the "(alleged) stolen inventory incident," the "false background check incident," and Wal-Mart's filings of false police reports for shoplifting. (Doc. 7 at 7–16) Plaintiff alleges that, through those various incidents, other Wal-Mart employees made false accusations that she falsified paperwork, stole merchandise, provided incorrect answers on her background check, and even filed false police reports wrongly accusing her of shoplifting. (Doc. 7 at 7–16) Based on those incidents, Sobarzo alleges that she was subject to a hostile work environment, was discriminated against on the basis of her gender, and was terminated in retaliation of her activities in reporting the incidents. (Doc. 7 at 16–19)

Finally, the Court notes that co-Plaintiff Keck was listed only "by virtue of him being married to Plaintiff Claudia Sobarzo at all relevant times complained of herein and has thereby suffered damages as well." (Doc. 7 at 4, ¶ 10)

## II.     Standard of Review

Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). Also, a complaint must contain sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Facial plausibility exists if the pleader pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Plausibility does not equal "probability," but plausibility requires more than a sheer possibility that a defendant acted unlawfully. *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (citing *Twombly*, 550 U.S. at 557).

Although a complaint attacked for failure to state a claim does not need detailed factual allegations, the pleader's obligation to provide the grounds for relief requires "more

1    than labels and conclusions, and a formulaic recitation of the elements of a cause of action

2    will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). Rule 8(a)(2) "requires

3    a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual

4    allegation in the complaint, it is hard to see how a claimant could satisfy the requirement

5    of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which

6    the claim rests." *Id.* (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §

7    1202, pp. 94, 95 (3d ed. 2004)). Thus, Rule 8's pleading standard demands more than "an

8    unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678

9    (citing *Twombly*, 550 U.S. at 555).

10       In deciding a motion to dismiss the Court must construe the facts alleged in the

11   complaint in the light most favorable to the drafter of the complaint and must accept all

12   well-pleaded factual allegations as true. *OSU Student Alliance v. Ray*, 699 F.3d 1053, 1061

13   (9th Cir. 2012); *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Nonetheless,

14   the Court does not have to accept as true a legal conclusion couched as a factual allegation.

15   *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

16       Furthermore, a motion to dismiss under Rule 12(b)(6) must rely solely on the

17   contents of the pleadings. *See* Fed. R. Civ. P. 12(d). A court may, however, consider

18   "matters of judicial notice" without converting a motion to dismiss into one for summary

19   judgment. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Furthermore, a court

20   need not accept as true "allegations that contradict matters properly subject to judicial

21   notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or

22   unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir.

23   2008) (internal quotation marks and citations omitted).

24       A court may take judicial notice of documents referenced in the complaint, as well

25   as matters in the public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir.

26   2001), *overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119,

27   1125–26 (9th Cir. 2002). In addition, the Court may take judicial notice of matters that are

28   either "generally known within the trial court's territorial jurisdiction" or "can be

1    accurately and readily determined from sources whose accuracy cannot reasonably be

2    questioned." Fed. R. Evid. 201(b). Public records, including judgments and other court

3    documents, are proper subjects of judicial notice. *See, e.g.*, *United States v. Black*, 482 F.3d

4    1035, 1041 (9th Cir. 2007). However, "[j]ust because the document itself is susceptible to

5    judicial notice does not mean that every assertion of fact within that document is judicially

6    noticeable for its truth." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir.

7    2018).

8    **III.    Analysis**

9         Plaintiffs' disparate treatment and retaliation claims are subject to the burden-

10   shifting analysis of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, (1973). The analysis

11   has three steps. The employee must first establish a prima facie case of discrimination. If

12   she does, the employer must articulate a legitimate, nondiscriminatory reason for the

13   challenged action. Finally, if the employer satisfies this burden, the employee must show

14   that the "reason is pretextual 'either directly by persuading the court that a discriminatory

15   reason more likely motivated the employer or indirectly by showing that the employer's

16   proffered explanation is unworthy of credence.'" *Chuang v. Univ. of Cal. Davis*, 225 F.3d

17   1115, 1123–24 (9th Cir. 2000) (quoting *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S.

18   248, 256, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981)).

19        In order to state a claim for discrimination under Title VII, a plaintiff must establish

20   that: "(1) she belongs to a protected class, (2) she was qualified for her position, (3) she

21   was subject to an adverse employment action, and (4) similarly situated individuals outside

22   her protected class were treated more favorably." *Davis. V. Team Elec. Co.*, 520 F.3d 1080,

23   1089 (9th Cir. 2008).

24        Here, the Court finds that under the *Iqbal/Twombly* standard, the FAC fails to plead

25   enough facts to survive the Motion on both the gender discrimination and the retaliation

26   claims. Indeed, the FAC is entirely devoid of any fact related to Sobarzo's gender,

27   explaining why any of the incidents were based on her gender. Additionally, the FAC is

28   devoid of any allegation that Wal-Mart treated similarly situated male co-workers more

favorably than Sobarzo.[1] Plaintiffs also allege that Sobarzo was subject to a "hostile work environment" but do not offer factual support that such allegation and conduct was gender-based. The Court can only guess that Plaintiffs believe the various incidents listed in the FAC support her claim of hostile work environment, but they failed to provide any fact which gives rise to an inference of gender-based hostile work environment. Plaintiffs included two examples of rude behavior but neither has anything to do with Sobarzo's gender.[2]

Plaintiffs also fail to allege enough facts to support a claim for retaliation. A claim for retaliation under Title VII requires a plaintiff to establish that his or her protected activity was a but-for cause of the alleged adverse action by the employer. *See University of Texas Southwestern Medical Center v. Nassar*, 570 U.S. 338, 360 (2013). To establish the first element of a *prima facie* case of retaliation, the plaintiff must show that she had a "reasonable belief" that the employment practice being protested is prohibited under Title VII. *Sias v. City Demonstration Agency*, 588 F.2d 692, 695 (9th Cir. 1978). The FAC is again devoid of any allegation which would support the elements of a retaliation claim, with the exception of the adverse employment action by the employer, Sobarzo's termination. Indeed, the FAC contains no allegation linking such termination to Sobarzo's activities, no allegation that Sobarzo was engaged in a protected activity, and no allegation that Sobarzo believed she was engaged in a protected activity. Accordingly, the FAC must be dismissed for failure to state a claim upon which relief can be granted. However, at this stage, the Court cannot conclude that it is impossible for Sobarzo to allege sufficient facts to survive a Motion to Dismiss and accordingly, the Court will grant Sobarzo leave to

---

[1] The Court notes that the FAC contains very broad allegations regarding the percentages of male and female workers in varying positions throughout Wal-Mart's workforce. (Doc. 7 at 2–3) Those allegations are fatally deficient to support Plaintiff' claims of gender discrimination and retaliation because they are nothing more than conclusory and broad-brush allegations without any support.

[2] Plaintiffs claim that a co-manager called her a thief and fat. (Doc. 7 at 13, ¶ 58) Plaintiffs also claim that Sobarzo had stage 3 gout and Gail and another co-manager mocked her limp. (Doc. 7 at 13, ¶ 59)

1    amend the FAC. Indeed, the Court finds that it is possible that Sobarzo could plead enough

2    facts to survive a motion to dismiss under Rule 12(b)(6) and the Court finds that justice so

3    requires. This will be the only leave to amend the Court will grant.

4         There are two remaining points the Court must address: (1) John Keck's status as

5    co-Plaintiff and (2) Robert H. Keck's involvement in the case and threatening conduct

6    toward defense counsel. The Court addresses those issues in turn.

7         John Keck is listed as co-Plaintiff simply by virtue of being Sobarzo's husband.

8    (Doc. 7 at 4, ¶ 10) Keck was never employed by Wal-Mart and never filed any charge of

9    discrimination with the EEOC, which he could not have done anyway because he never

10   worked for Wal-Mart. The Court cannot discern what legal basis John Keck would have to

11   join as co-Plaintiff in this action. Indeed, the only possible theory the Court can think of is

12   a loss of consortium but this would fail for two reasons: (1) there are no allegations of loss

13   of consortium, and (2) a violation of Title VII does not support a loss of consortium claim

14   as a matter of law. *See Durley v. APAC, Inc.*, 236 F.3d 651, 658 (11th Cir. 2000); *Smith v.*

15   *Auburn Univ.*, 201 F. Supp. 2d 1216, 1228 (M.D. Ala. 2002); *Chergosky v. Hodges*, 975

16   F. Supp. 799, 801 (E.D.N.C. 1997); *Franz v. Kernan*, 951 F. Supp. 159, 162 (E.D. Mo.

17   1996); *Murphy v. Cadillac Rubber & Plastics, Inc.*, 946 F. Supp. 1108, 1125 (W.D.N.Y.

18   1996). Accordingly, the dismissal of the FAC will be with prejudice as to John Keck.

19        Turning to the issue of Robert Keck, the Court finds that he was engaged in the

20   unauthorized practice of law. From what the Court knows, he is not admitted to the Arizona

21   bar, or the bar of any other jurisdiction, nor is he a registered legal document preparer.

22   Arizona Supreme Court Rule 31(b) prescribes that no one is permitted to practice law in

23   Arizona "unless the person is an active member of the state bar." Az. Supreme Ct. Rule

24   31(b). Additionally, practicing in the United States District Court for the District of Arizona

25   requires admission to such court, with limited exceptions not applicable to Robert Keck,

26   which is based on previous admission and good standing to the State Bar of Arizona. *See*

27   L.R.Civ. 83.1(a)–(b). Robert Keck wrote that he was the "document preparer for John and

28   Claudia Keck Plaintiff in subject action" at the bottom of the response to the Motion. (Doc.

13 at 4) Robert Keck is not allowed to prepare such document and submit it to the Court as he is not admitted to practice law or a certified legal document preparer. Accordingly, he was engaged in the unauthorized practice of law.

Additionally, some of Robert Keck's statements to defense counsel are threatening. Indeed, he stated to defense counsel that "I can tell you what my deceased Master Sergeant brother told a subordinate: 'I can't make you do anything, but I can damn well make you wish you had.'" (Doc. 14, Ex. A at 4)[3] Besides the fact that Robert Keck is not allowed to contact defense counsel in an action where is he neither a party or attorney of record, such statement is harassing and threatening. The Court will not tolerate such behavior. Accordingly, the Court hereby orders Robert Keck to refrain from contacting defense counsel or Defendant in any manner whatsoever and to refrain from submitting filings to the Court. To be clear, if Robert Keck violates either of those orders, the Court will not hesitate to hold him in contempt of court and take any appropriate action to prevent such behaviors.

Therefore, the FAC must be dismissed without prejudice.

**IT IS ORDERED** that Defendant Wal-Mart's Motion to Dismiss (Doc. 9) is **granted**. The First Amended Complaint is **dismissed without prejudice** in its entirety, apart from John Keck who is **dismissed with prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff Sobarzo shall have 30 days from the date of this Order to file a Second Amended Complaint in accordance with the term of this Order. If Plaintiff fails to do so, the action will be dismissed with prejudice

Dated this 6th day of May, 2020.

Honorable Steven P. Logan
United States District Judge

---

[3] The Court notes that the remainder of Exhibit A showcases the fairly aggressive overtone used by Robert Keck in his improper communication with defense counsel.